UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Marquise Lesjuan Harris,    )<br>    Petitioner,    )<br>    )<br>-v-    )<br>    )<br>Sherry Burt,    )<br>    Respondent.    )<br>_____ ) | No. 1:14-cv-852<br><br>HONORABLE PAUL L. MALONEY |

## OPINION AND ORDER

This matter is before the Court on Petitioner Marquise Harris' objections to the Report and Recommendation (R&R) issued by Magistrate Judge Phillip J. Green. (ECF No. 24.) On August 12, 2014, Petitioner filed a motion under 28 U.S.C. § 2254 seeking relief from a final state court decision (ECF No. 1); with leave of the Court, he amended his petition on October 15, 2014. (ECF No. 6.) The State of Michigan, through Burt, filed its response on June 16, 2015. (ECF No. 11.) The Court referred this matter to the Magistrate Judge for an R&R on the merits of the petition. The Magistrate Judge issued an R&R on May 4, 2017, recommending that the Court deny the petition. (ECF No. 23.) Petitioner filed the instant objections on May 22, 2017. (ECF No. 24.)

### I.     Finding of Facts

Petitioner takes no issue with the facts that the Magistrate Judge lays out. Since Petitioner only lodges objections against the legal findings of the Magistrate Judge, the Court **ADOPTS** the finding of facts contained in the Magistrate Judge's report. (ECF No. 23.)

1

## II. Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## III. Analysis and Legal Objections

Petitioner asserts that he is entitled to relief on several grounds: (1) insufficient evidence to support his conviction, (2) violation of his rights under the Confrontation Clause, (3) violation of due process by prosecutorial misconduct in using "bad acts" evidence, (4) ineffective assistance of defense counsel, and (5) ineffective assistance of appellate counsel.

(ECF No. 6.) After examining each issue on the merits, the Magistrate Judge found all of Petitioner's arguments lacking and recommended that the Court deny his petition. (ECF No. 23.) Petitioner now lodges objections against the Magistrate Judge's recommendation as to first and second claims. (ECF No. 24.)

As an initial matter, since Petitioner does not raise any objections to the Magistrate Judge's recommendation as to claims three, four, and five, the Court **ADOPTS** the Magistrate Judge's recommendation as to those claims.

### A.     Insufficient Evidence to Support a Conviction

First, Petitioner asserts that there was insufficient evidence presented at trial to support his conviction. (ECF No. 6 at PageID.109.) In *Jackson v. Virginia*, the Supreme Court established that in order for a habeas petitioner to succeed on a claim of insufficient evidence, they must show that "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could [not] have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319 (1979) (citing *Johnson v. Louisiana*, 406 U.S. 356, 360 (1972)) (emphasis in original). Further, as the Michigan Court of Appeals has previously ruled on this claim, the question before the Court is not whether Petitioner is entitled to relief under the *Jackson* standard, but rather if the state court's decision resulted in an unreasonable application of *Jackson*. *See Eady v. Morgan*, 515 F.3d 587, 594–95 (6th Cir. 2008).

After reviewing the record, the Magistrate Judge found that the Michigan Court of Appeals had reasonably applied the *Jackson* standard when it determined that there was sufficient evidence to support Petitioner's conviction. (ECF No. 23 at PageID.681.)

3

Petitioner objects to this finding, conceding that the Magistrate Judge applied the correct standard but arguing that the Michigan Court of Appeals unreasonably applied the *Jackson* standard because the evidence that supported his conviction was not "properly before the jury." (ECF No 24 at PageID.694–96.) Petitioner asserts that the prosecution read the "perjured testimony" of a co-defendant—who, allegedly, later changed his story before trial and was not allowed to testify—to the jury. (*Id.*) This argument, however, does not serve to challenge the finding that the evidence was *sufficient to support a conviction*; rather, it presents a whole new claim—that the trial court erroneously allowed the *alleged false testimony to be presented to the jury* in the first place. As such, this argument is not properly before the Court, as a Petitioner may not raise a new claim for the first time in an objection to a magistrate judge's R&R. *See, e.g., Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001); *Murr v. United States*, 200 F.3d 895, 902 (6th Cir.2000) (parties may not raise new arguments or issues at the district court stage that were not presented to the Magistrate Judge). Accordingly, Petitioner's first objection must be **OVERRULED**.

### B.     Violation of Rights Under the Confrontation Clause

Petitioner next claims that his rights under the Sixth Amendment Confrontation Clause were violated because the preliminary-examination testimony of his co-defendant (and brother) was allowed to be read to the jury without the co-defendant being called to testify and be subject to cross-examination *at trial*. (ECF No. 6 at PageID.110–11.) The Supreme Court has held that the right to confront and cross-examine witnesses applies to both statements made in the course of a trial as well as out-of-court statements of witnesses being used by the prosecution against a defendant, regardless of their admissibility under

4

rules of evidence. *See Crawford v. Washington*, 541 U.S. 36, 51 (2004). In *Crawford*, the Supreme Court further established that where a witness is unavailable and the defendant had a prior opportunity to cross-examine the witness, admitting the out-of-court testimonial evidence would not violate the Confrontation Clause. *See id.* at 68; *Davis v. Washington*, 547 U.S. 813, 821 (2006) ("[W]e held that [the Confrontation Clause] bars 'admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'").

After reviewing the record, the Magistrate Judge found that the state trial court's determination that Petitioner had an adequate opportunity to cross-examine the witness at the preliminary-examination was not contrary to clearly established federal law. (ECF No. 23 at PageID.683.) Petitioner objects to this finding, arguing that the witness was "only unavailable by way of the wilfull [sic] fraudulent and deceptive acts of the prosecution who knew that he had perjured himself in the preliminary hearing." (ECF No. 24 at PageID.699.) Looking to the record, Petitioner's co-defendant (and brother) refused to testify of his own accord. (ECF No. 12-6 at PageID.275–76.) After turning hostile during his testimony at the preliminary-examination (ECF No. 12-2 at PageID.218), Petitioner's brother was transported to the courthouse to testify at trial; however, once there, he indicated that he would likely perjure himself if placed on the stand. (*Id.*) The witness's refusal to testify, along with his status as a co-defendant, sufficed to establish that, at a minimum, a state court's conclusion that the witness was unavailable was not contrary to clearly established law. *See, e.g., Heisler v. Caruso*, 165 F.3d 27, at *4 (6th Cir. Sep. 4, 1998) (unpublished) ("The invocation of the Fifth Amendment privilege renders a witness 'unavailable' to testify.");

5

*Green v. Maclaren*, 2017 WL 372009 (E.D. Mich. Jan. 26, 2017) (citing *United States v. Bourjaily*, 781 F.3d 539, 544 (6th Cir. 1986)) ("When a witness refuses to testify, he or she is unavailable whether the refusal to testify is based upon privilege or is punishable by contempt.").

The trial court also inquired if Petitioner's counsel had been present at the preliminary-examination, to which he responded affirmatively. (*Id.*) As such, the trial court's determination that the witness was unavailable and that counsel had an adequate opportunity to cross-examine the witness was based soundly on facts contained in the record, and was not contrary to clearly established federal law. *See Crawford*, 541 U.S. at 51; *Calif. v. Green*, 399 U.S. 149, 151 (1970).

Therefore, Petitioner's second objection must be **OVERRULED**.

### IV. Conclusion

In short, Petitioner has failed to show that the state courts' actions were contrary to clearly established federal law. Accordingly, Petitioner's objections to the Magistrate Judge's recommendation will be **OVERRULED**, and his petition will be **DENIED**.

### Certificate of Appealability

The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at

467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining petitioner's claims under the standard in *Slack*, reasonable jurists would not conclude the Court's assessment of petitioner's claims to be debatable or wrong. Accordingly, Petitioner's certificate of appealability is **DENIED.**

## ORDER

For the reasons discussed in the accompanying opinion, Petitioner's objections to the Magistrate Judge's R&R are **OVERRULED**, the Magistrates Judge's R&R is **ADOPTED** in its entirety (ECF No. 23), and the amended petition is **DENIED.** (ECF No. 6.)

**IT IS SO ORDERD.**

**Date:** July 27, 2017        /s/ Paul L. Maloney
                              Paul L. Maloney
                              United States District Judge